UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CALVIN LATIMER,

    Plaintiff,

v.                                        Case No. 8:21-cv-1200-WFJ-CPT

REGENCY PALMS APARTMENT,
and JOHN E. MCMILLAN,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Before me on referral are *pro se* Plaintiff Calvin Latimer's construed motion to proceed *in forma pauperis* (IFP Motion) (Doc. 2) and his construed motion to appoint counsel (Motion to Appoint Counsel) (Doc. 3). Also before me is Mr. Latimer's complaint against Defendants Regency Palms Apartment (Regency) and John E. McMillan. (Doc. 1). For the reasons discussed below, I respectfully recommend that Mr. Latimer's motions be denied without prejudice, and that his complaint be dismissed with leave to amend.

I.

Although vague and difficult to decipher, Mr. Latimer's complaint appears to allege that he was improperly evicted by his former landlord, Regency, and its

attorney, Mr. McMillan, in violation of the federal moratorium prohibiting evictions during the COVID-19 pandemic. (Doc. 1). Based upon these averments, Mr. Latimer purports to assert causes of action for conversion, conspiracy, and a violation of his due process rights, and also seeks $250,000 in damages. *Id.*

In support of his claim of indigency, Mr. Latimer reports monthly income and expenses of $1,354 and $1,330, respectively. (Doc. 2). Mr. Latimer, however, does not submit any information or argument to buttress his Motion to Appoint Counsel. (Doc. 3).

## II.

Under 28 U.S.C. § 1915, a district court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" upon a showing of indigency by affidavit. 28 U.S.C. § 1915(a)(1). The court has "wide discretion" to grant or deny an application to proceed *in forma pauperis*, and—in civil cases for damages—the privilege should be granted "sparingly." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306–07 (11th Cir. 2004) (citation omitted). While such an application "need not show that the litigant is absolutely destitute," it must indicate "that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* at 1307 (citation omitted). In determining whether a litigant is indigent, "courts will generally look to whether the [litigant] is employed, [his] annual salary, and any other property or assets [he] may possess." *Lesure v. Saul*, 2021 WL 2003458, at *1 (M.D. Fla. Mar. 31, 2021) (citation

2

omitted), *report and recommendation adopted*, 2021 WL 2003073 (M.D. Fla. May 19, 2021).

When an application to proceed *in forma pauperis* is filed, the district court must also review the case and dismiss the complaint *sua sponte* if it concludes that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). *Bravo v. Loor-Tuarez*, 727 F. App'x 572, 575 (11th Cir. 2018) (per curiam) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).[1] As such, "[t]o avoid dismissal, the 'complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face.'" *Gates v. Khokhar*, 884 F.3d 1290, 1296 (11th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint crosses this threshold when it contains enough facts to sustain a reasonable inference that the defendant engaged in the alleged misconduct. *Id.*

In evaluating a complaint under this standard, the court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Jara v. Nunez*, 878 F.3d 1268, 1271–72 (11th Cir. 2018) (citation omitted). The court, however, "afford[s] no presumption of truth to legal conclusions and

---

[1] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

recitations of the basic elements of a cause of action." *Franklin v. Curry*, 738 F.3d 1246, 1248 n.1 (11th Cir. 2013) (per curiam).

Finally, while *pro se* pleadings are to be construed liberally, the courts are not to "act as *de facto* counsel" for *pro se* litigants, nor are they to "rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citing *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

A.

I begin with Mr. Latimer's claim of indigency, which I find to be lacking. (Doc. 2). Although Mr. Latimer claims $1,330 in monthly obligations, he does not specify how he arrived at this sum. *Id.* at 5. Indeed, he does not identify even one expenditure that he is required to pay each month, much less provide an itemized list of monthly expenses which would support the $1,330 figure. *Id.* Mr. Latimer also declines to disclose whether he owns any assets. *Id.* at 4.

In light of these deficiencies, I am unable to make an informed assessment of his claim of indigency. As a result, I respectfully recommend that Mr. Latimer's IFP Motion be denied without prejudice.[2]

---

[2] Mr. Latimer's *in forma pauperis* application appears to be based on a form provided by another court. (Doc. 2). If Mr. Latimer elects to file an amended *in forma pauperis* motion, he should utilize the form available on the Court's website at https://www.uscourts.gov/sites/default/files/ao239_1.pdf.

B.

I likewise find Mr. Latimer's complaint to be deficient insofar as, at a minimum, it does not conform to the notice pleading standards set forth in the Federal Rules of Civil Procedure.  This infirmity alone renders the complaint subject to dismissal.

Rule 8 requires, in relevant part, that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Rule 10 relatedly mandates that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count."  Fed. R. Civ. P. 10(b).  Taken in combination, Rules 8 and 10 "work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, [and so that] the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted."  *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted); *see also Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (explaining that pleadings which contravene Rules 8 and 10 "waste scarce judicial resources" and "inexorably broaden . . . discovery," among other harms) (citation omitted).

Mr. Latimer's complaint does not satisfy these requirements.  While he references claims for "involuntary conversion," "fraudulent conversion," conspiracy, and a due process violation, he does not plausibly set forth the facts that support these purported causes of action.  (Doc. 1 at 1).  Instead, he submits over fifty pages of documents that seemingly relate to other lawsuits with which he has been involved

over the years. (Doc. 1). These actions include a case he brought against the Commissioner of Social Security, which was dismissed on the grounds that it failed to state a claim upon which relief could be granted, *see Latimer v. Comm'r of Soc. Sec.*, Case No. 8:21-cv-135-WFJ-JSS, (Doc. 46) (M.D. Fla. Mar. 15, 2021), as well as filings stemming from his appeal of that matter, *see Latimer v. Comm'r of Soc. Sec.*, Case No. 21-10912-E (11th Cir.). *See, e.g.*, (Doc. 1 at 4, 33–35). He also attaches medical records and pleadings from a state court eviction suit apparently filed against him. *Id.* at 18–23, 30–32.

Although both Regency and Mr. McMillan are mentioned throughout these documents, it is difficult, if not impossible, to discern the nature of Mr. Latimer's allegations against the Defendants. As a result, his complaint deprives both the Defendants and the Court of "fair notice" regarding the nature of his claims and the "grounds" upon which they are predicated. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, n.3 (2007); *see also Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015) (observing that the "[t]he unifying characteristic" of complaints that fail to adhere to the strictures of Rules 8 and 10 "is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests"). The fact that Mr. Latimer is proceeding *pro se* does not absolve him of the obligation to comply with the basic pleading standards imposed by the Federal Rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed

6

without counsel."); *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (noting that, while "[a] *pro se* pleading is held to a less stringent standard than a pleading drafted by an attorney[, it] must still suggest that there is at least some factual support for a claim") (citation omitted).

Notwithstanding the above infirmities, I respectfully submit that Mr. Latimer be provided with an opportunity to amend his complaint, particularly since he is proceeding *pro se*. *See Emrit v. Sec'y, U.S. Dep't of Ed.*, 829 F. App'x 474, 477 (11th Cir. 2020) (per curiam) ("A plaintiff ordinarily should get one opportunity to amend his complaint before dismissal with prejudice.") (citing *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005)).

### III.

Having addressed Mr. Latimer's IFP Motion and his complaint, I now turn to his Motion to Appoint Counsel. Requests for the appointment of counsel in civil matters are governed by section 1915, which provides that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Courts have construed this provision to authorize the appointment of counsel where extreme or exceptional circumstances are present. *Rager v. Augustine*, 760 F. App'x 947, 949 (11th Cir. 2019) (per curiam) (citing *Smith v. Fla. Dep't. of Corr.*, 713 F.3d 1059, 1063 (11th Cir. 2013)); *see also Burgess v. Bradshaw*, 626 F. App'x 257, 259 (11th Cir. 2015) (per curiam) (citing *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)). The factors that determine whether such extreme or exceptional circumstances exist are "(1) the type and complexity of the case; (2) whether the litigant is capable of

adequately presenting his case; (3) whether the litigant is in a position adequately to investigate the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination." *Burgess*, 626 F. App'x at 259.  In the end, the decision to appoint counsel lies within the district court's "broad discretion" and will not be overturned on appeal absent an abuse of that discretion.  *Rager*, 760 F. App'x at 949.

Against this backdrop, Mr. Latimer's Motion to Appoint Counsel fails.  As noted above, Mr. Latimer does not provide any information in that filing by which the Court can determine whether the appointment of counsel is appropriate in this action. *Suggs v. United States*, 199 F. App'x 804, 807 (11th Cir. 2006) (per curiam) (affirming the denial of a motion to appoint counsel where the plaintiff did not establish an inability to present his claims without the assistance of counsel).  Thus, although Mr. Latimer may ultimately be able to show that he is unable to afford a lawyer, he has not demonstrated that extreme or exceptional circumstances exist here warranting the appointment of counsel.

That said, I encourage Mr. Latimer to seek legal assistance and consult the resources available to *pro se* litigants.  Mr. Latimer may obtain advice, for example, through the "Legal Information Program," in which the Tampa Bay Chapter of the

8

Federal Bar Association offers unrepresented parties the chance to solicit and obtain free, limited guidance from attorneys on the procedures governing federal cases.[3]

In addition, Mr. Latimer may review the materials the Middle District of Florida makes available to litigants without counsel,[4] which includes a "Guide for Proceeding Without a Lawyer." The Court's website also contains helpful links to the Federal Rules of Civil Procedure,[5] as well as various forms for federal court litigants to use.[6]

IV.

For the reasons set forth above, I respectfully recommend that the Court:

1.  Deny Mr. Latimer's IFP Motion (Doc. 2) without prejudice;

2.  Deny Mr. Latimer's Motion to Appoint Counsel (Doc. 3) without prejudice;

3.  Dismiss Mr. Latimer's complaint (Doc. 1) without prejudice;

4.  Grant Mr. Latimer permission to file, within thirty (30) days of the Court's Order, an amended complaint setting forth cognizable cause(s) of action that conform to the pleading requirements of the Federal Rules of Civil Procedure; and

5.  Caution Mr. Latimer that a failure to comply with these directives may result in a dismissal of his action without further notice.

---

[3] A brochure containing further information about the program is available at https://www.flmd.uscourts.gov/sites/flmd/files/documents/mdfl-legal-information-program-tampa.pdf.
[4] https://www.flmd.uscourts.gov/litigants-without-lawyers
[5] https://www.uscourts.gov/sites/default/files/rules-of-civil-procedure.pdf
[6] https://www.flmd.uscourts.gov/forms/all

Respectfully submitted this 20th day of July 2021.

_____
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable William F. Jung, United States District Judge
*Pro se* Plaintiff